IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00244-CV

 

In the
Interest of G.B. II, a Child

 

 



From the 52nd District Court

Coryell County, Texas

Trial Court No. 38594

 



ORDER










 

This proceeding provides a
good example of why the final termination proceeding should not be heard by an
associate judge unless there is an agreement to not have a de novo hearing
before the referring court.  In this proceeding, the associate judge signed an
order terminating the parental rights of E.F. and G.B. to their child, G.B. II,
on May 14, 2010.[1] 
E.F. timely requested a de novo review of the associate judge’s order.  Tex. Fam. Code Ann. § 201.015(a)
(Vernon Supp. 2009).  The matter was set for hearing before the referring judge
on May 20, 2010.  The record indicates that E.F.’s trial counsel intended to
“pass” on the hearing and waive her right to a de novo hearing; however, there
is not an entry on the docket sheet reflecting the waiver on that date.  On
June 25, 2010, E.F. filed a notice of appeal and a waiver of the de novo hearing. 
This Court responded by questioning its jurisdiction because it appeared that
E.F. was attempting to appeal from an order that was not final and requested
the parties brief the issue.  Tex. Fam.
Code Ann. § 201.106(b) (Vernon 2008).  

We first determine whether
the notice of appeal was timely filed.  The initial question before us is when
E.F. waived de novo review resulting in the associate judge’s order becoming
the order of the referring court.  Tex.
Fam. Code Ann. § 201.2041(a)  (Vernon 2008).  While we do not approve of
the delay caused by requesting a hearing and then waiving it, the associate
judge’s order became final only when the hearing was expressly waived on June
25, 2010.  The notice of appeal was timely filed on the same date as the waiver. 
The notice of appeal was timely. 

We next determine whether,
in view of our order on August 11, we will proceed on the associate judge’s
determinations or the determinations of the referring court.  In the August 11
order, in an attempt to expedite the hearing process, this Court directed the
referring court to conduct all hearings, to the extent not already held, to
comply with Tex. Fam. Code Ann. §
263.405 (Vernon 2008).  Unknown to this Court at the time of the order, the
associate judge had already held a section 263.405 hearing and made
determinations.  The referring court, in an effort to comply with this Court’s
order, held another 263.405 hearing.  However, because the associate judge had
already conducted the 263.405 hearing and made determinations, the referring
court’s determinations were not necessary under our August 11 order. 
Nevertheless, E.F. requested a de novo hearing of the associate judge’s rulings
from the 263.405 hearing.  Thus, the next question is whether a request for a
de novo hearing by the referring court after the 263.405 hearing is proper
under the process of referral to an associate judge. 

            Section 263.405(d) states that the
“trial court” shall hold a hearing after the final order is signed.  The
associate judge was the trial court in this case.  The associate judge held the
section 263.405 hearing on July 23.  Appeal from the section 263.405 hearing is
directly to this Court and not to the referring court.  Tex. Fam. Code Ann. § 263.405(g).  Allowing a de novo review
by the referring court after the 263.405 hearing would impede the legislature’s
purpose of making this an accelerated appeal to expedite the process for
bringing certainty to the lives of the children who are the subject of these
suits.  Therefore, we hold that we must proceed on the associate judge’s order
and that an “appeal” of a 263.405 hearing is not to the referring court.  

The associate judge found
that E.F. is indigent and that the appeal is frivolous.  The Department does
not challenge the associate judge’s finding that E.F. is indigent.  Therefore,
we uphold the finding of indigency.

            The associate judge found that the
appeal was frivolous because the notice of appeal was untimely.  Having found
that the notice of appeal was timely, we reverse the associate judge’s finding
that the appeal is frivolous as untimely filed.  Accordingly, the parties must
proceed to merit briefing as soon as the full record is available.  All
appellate deadlines for filing the record and the briefs on the merits will run
from the date of this order.

PER CURIAM                                                                       

 

Before Chief
Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Order
issued and filed November 24, 2010









[1]  G.B. is not a party to this appeal.